IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DERRICK BALL,** | ) | CASE NO. 8:09CV16 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| **FARM CREDIT SERVICES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

Plaintiff filed his Complaint on January 12, 2009. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.  SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on January 12, 2009, against Defendant Farm Credit Services of America ("FCSA"). (Filing No. 1 at CM/ECF p. 1.) Defendant is a business located in Omaha, Nebraska. (*Id*. at CM/ECF p. 4.) Plaintiff is a Nebraska resident. (*Id*. at CM/ECF pp. 1, 4.)

Condensed and summarized, Plaintiff alleges that Defendant terminated him because he stood "up for [his] religious beliefs." (*Id*. at CM/ECF p. 2.) In his Complaint, Plaintiff describes the events that led to his termination. Specifically, Plaintiff alleges that on December 22, 2006, Defendant played Christmas music over the intercom and forced him to "participate in activities." (*Id.*) Plaintiff alleges this forced participation led his co-workers to harass him about his religious beliefs. (*Id.*) Plaintiff alleges he filed a formal

complaint with Defendant's human resources department, but that Defendant failed to respond or investigate the matter. (*Id*. at CM/ECF pp. 2 and 7.)

In November 2007, Plaintiff discovered that Defendant planned to play Christmas music over the intercom again. (*Id*.) So, Plaintiff filed another formal complaint that was again ignored. (*Id*.) After Plaintiff filed this second complaint he began receiving "unsolicited emails." (*Id*.) At this point, Plaintiff decided to set up an "email filter" to protect himself from "religious discrimination." (*Id*.) This email filter sent out a response email that one of Defendant's employees complained about. (*Id*.) Defendant allegedly terminated Plaintiff because of the employee's complaint. (*Id*.) Plaintiff alleges that Defendant's reasons for his termination are "fraudulent" and demonstrate "pretext." (*Id*. at CM/ECF p. 3.) Plaintiff asks the court to "listen to [his] case" and seeks "fair reparations." (*Id*.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where pro se plaintiffs do not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41

(1967), and setting a new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

#### A. Religious Discrimination

"To establish a prima facie case of religious discrimination, a plaintiff must show he (1) has a bona fide religious belief that conflicts with an employment requirement, (2) informed the employer of such conflict, and (3) suffered an adverse employment action." *Ollis v. HearthStone Homes, Inc.*, 495 F.3d 570, 575 (8th Cir. 2007) (citing *Seaworth v. Pearson*, 203 F.3d 1056, 1057 (8th Cir. 2000) (per curiam)).

Liberally construed, Plaintiff alleges his religious beliefs conflict with Defendant's decision to play Christmas music over the intercom and Defendant's requirement that he participate in certain employment activities. (Filing No. 1 at CM/ECF p. 2.) Plaintiff alleges that he informed Defendant of this conflict in December 2006, and again in November

3

2007, but Defendant did not respond. (*Id*.) Further, Plaintiff alleges that Defendant terminated him for "standing up for [his] religious beliefs and rights." (*Id*. at CM/ECF p. 2.) These allegations are sufficient to "nudge" Plaintiff's religious discrimination claims against Defendant across the line from conceivable to plausible. However, the court cautions Plaintiff that this is only a preliminary determination based on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

  **B. Retaliation**

Plaintiff also alleges a retaliation claim against Defendant. (*Id*.) In order to establish a prima facie case of retaliation, a plaintiff must show that (1) he engaged in a statutorily protected activity, (2) he suffered an adverse employment action, and (3) a causal connection exists between the protected activity and the adverse action. *Ollis*, 495 F.3d at 576. "Statutorily protected activity includes opposing an act of discrimination made unlawful by Title VII." *Id*. (citing *Pope v. ESA Servs., Inc.*, 406 F.3d 1001, 1010 (8th Cir. 2005)).

Here, Plaintiff opposed what he perceived to be an act of religious discrimination by filing two formal complaints with Defendant's human resources department. (Filing No. 1 at CM/ECF p. 2.) After Defendant allegedly failed to respond to these complaints, Plaintiff set up an "email filter" to protect himself from "religious discrimination." (*Id*.) Plaintiff alleges he was "standing up for [his] religious beliefs and rights" and Defendant terminated him for doing so. (*Id*.) Liberally construed, Plaintiff has alleged sufficient facts to nudge his retaliation claim against Defendant across the line from conceivable to plausible. Again, the court cautions Plaintiff that this is only a preliminary determination based only

4

on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims against Defendant may proceed and service is now warranted;

2. To obtain service of process on Defendant, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send ONE (1) summons forms and ONE (1) USM-285 form to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur;

3. Upon receipt of the completed forms, the Clerk of the court will sign the summons form, to be forwarded with a copy of the Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so;

4. Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process;

5. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint;

6. The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**June 30, 2009**: Check for completion of service of summons;" and

7. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. **Plaintiff shall keep the court informed of his**

**current address at all times while this case is pending. Failure to do so may result in dismissal.**

DATED this 2nd day of March, 2009.

                                                BY THE COURT:

                                                s/Laurie Smith Camp
                                                United States District Judge